# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

State Farm Mutual Automobile Insurance Co.,

       Plaintiff

v.

Tuyet Bui et al.,

       Defendants

Case No.: 2:20-cv-00084-JAD-EJY

**Order Granting Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend, and Denying Plaintiff's Motion to Deposit Funds with the Registry of the Court**

[ECF Nos. 14, 26, 86]

Plaintiff State Farm Mutual Automobile Insurance Co. seeks interpleader relief and a declaratory judgment against defendant-insured Tuyet Bui and various defendant-claimants because Bui failed to meaningfully participate in a state-court, car-accident lawsuit.[1]  Defendant Ricardo Strahle, whose car was allegedly struck by Bui's, moves to dismiss State Farm's complaint, arguing that this court lacks subject-matter jurisdiction because the amount in controversy falls below 28 U.S.C. § 1332's threshold and State Farm has failed to join necessary parties.[2]  While State Farm disagrees, it also seeks leave to amend its complaint[3] and an order requiring it to deposit funds with the court's registry so that it might assert interpleader jurisdiction under § 1335.[4]  Because State Farm's complaint and proposed amended complaint do not allege sufficient facts for this court to have subject-matter jurisdiction over its dispute, I grant Strahle's motion to dismiss, grant State Farm's motion for leave to amend its complaint, and deny without prejudice its motion for an order to deposit funds with the court's registry.

---

[1] ECF No. 1 (complaint).

[2] ECF No. 14 (motion to dismiss).

[3] ECF No. 86 (motion for leave to amend the complaint).

[4] ECF No. 26 (motion to deposit funds with the registry of the court).

**Background**[5]

State Farm's interpleader interest started when Bui's car struck Strahle's while he was stopped at a traffic light.[6]  Though it remains unclear whether Bui or her boyfriend, Yang Ging Thai, operated Bui's vehicle,[7] Strahle submitted a claim to State Farm for Bui's policy's maximum amount payable per claimant for a motor vehicle accident.[8]  But Strahle and State Farm were unable to negotiate a settlement, so Strahle sued Bui in Nevada state court, seeking roughly $3 million in medical costs.[9]  After State Farm hired counsel to defend Bui in the dispute, she all but vanished, refusing to return her counsel's calls or verify discovery responses.[10]  Bui's refusal to participate in the litigation frustrated her counsel, Strahle, and the state court.  Strahle filed motions to sanction Bui and compel her to respond to discovery requests, as well as to continue deadlines and strike her answer.[11]  The state court encouraged Bui to verify and supplement her discovery responses.[12]  And State Farm filed this interpleader suit in federal court, seeking declaratory relief and alleging that Bui's failure to participate in the

---

[5] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[6] ECF No. 1 at ¶¶ 20, 38; *id.*, Ex. 2.

[7] After years of litigation, the parties still seem uncertain who operated Bui's vehicle at the time of the accident.  *Compare* ECF No. 1 at ¶ 39 ("In the complaint, Ricardo Strahle . . . alleged Tuyet Bui 'was the operator of a 2010 Lexus IS 250' that caused a motor vehicle accident on February 28, 2017."), *with* ECF No. 87-1 at ¶ 107 ("Ms. Bui changed her previous representations of her being the driver of the [v]ehicle to admitting that her boyfriend, Yang Ging Thai, drove the [v]ehicle at the time of the motor vehicle accident.").

[8] ECF No. 1 at ¶¶ 22, 35, 37.

[9] *Id.* at ¶¶ 35–38, 54.  In his briefing, Strahle claims that he seeks roughly $90,000 in damages. *See* ECF Nos. 41 at 6 ($87,829.34 in medical costs); 89 at 9 ($89,279.30 in medical costs).

[10] *See* ECF No. 1 at ¶¶ 61, 64, 66, 73–74.

[11] *See id.* at ¶¶ 66–68, 77–78.

[12] *See id.* at ¶¶ 69–71.

litigation violated her insurance policy and relieved State Farm of its duty to defend or indemnify her.[13]

Bui's insurance policy states that State Farm will pay "damages an insured becomes legally liable to pay because of: (a) bodily injury to others; and (b) damage to property caused by an accident that involves a vehicle for which that insured is provided [l]iability [c]overage."[14] An "insured" includes both the named insurance holder and "any other person or organization vicariously liable for the use" of the named insurance holder's registered vehicle.[15]   According to State Farm, Bui's policy affords "bodily injury liability insurance not to exceed $25,000 per person with an aggregate limit of $50,000.00 per motor vehicle accident."[16]   State Farm reserves the right to "defend an insured in any claim or lawsuit" and to pay "attorneys fees," subject to certain conditions.[17]   The policy also imposes a number of duties on Bui, by requiring the "insured" to "cooperate with [State Farm] and, when asked, assist [State Farm] in: (1) making settlements; (2) securing and giving evidence; and (3) attending, and getting witnesses to attend, depositions, hearings, and trials."[18]   State Farm claims that Bui has not complied with the policy.[19]

---

[13] *See generally id.*

[14] ECF *id.* at ¶ 25; *id.*, Ex. 1 at 17–18.

[15] ECF No. 1, Ex. 1 at 23, 32.

[16] ECF No. 1 at ¶ 22.  This policy limit is allegedly stated on the "[d]eclarations [p]age" of the policy, *see id.* at ¶ 27; *id.*, Ex. 1 at 33, 37, but State Farm did not attach this declaration page to its complaint.  However, Strahle does not appear to challenge this representation, *see* ECF No. 24 at 4, so I assume it is accurate.

[17] ECF No. 1 at ¶¶ 25, 26.

[18] *Id.* at ¶ 28; *id.*, Ex. 1 at 51.

[19] *See* ECF Nos. 1 at ¶¶ 61, 64, 66, 73–74; 87-1 at ¶¶ 126–27.

Strahle seeks to dismiss State Farm's interpleader suit on largely procedural grounds, arguing that this court lacks subject-matter jurisdiction and that State Farm failed to join necessary parties under Rule 19.[20]  State Farm claims that this court has jurisdiction to hear its claims but also seeks leave to file an amended complaint and an order authorizing it to deposit funds in the court's registry account, as required by Local Rule 67-1(a)(4).[21]

**Discussion**

**I.      Motions to dismiss and for leave to amend [ECF Nos. 14, 86]**

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."[22]  District courts have limited, original jurisdictional over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States;"[23] (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States;"[24] as well as suits (3) "of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having in . . . its custody or possession money or property of the value of $500 or more."[25]  When a defendant challenges subject-matter jurisdiction under Rule 12(b)(1), the court will construe his motion as either "factual" or "facial."[26]  A factual challenge argues that the facts in the case, notwithstanding the allegations

---

[20] ECF No. 14.

[21] ECF Nos. 26, 86.

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[23] 28 U.S.C. § 1331.

[24] 28 U.S.C. § 1332(a)(1).

[25] 28 U.S.C. § 1335(a).

[26] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

in the complaint, divest the court of subject-matter jurisdiction.[27]  Should a defendant present extra-pleading materials contradicting the substance of a complaint's jurisdictional allegations, a plaintiff must present "affidavits or any other evidence necessary to satisfy its burden of establishing" subject-matter jurisdiction.[28]  A facial challenge attacks the sufficiency of the allegations and mirrors a traditional, Rule 12(b)(6) motion-to-dismiss, which requires courts to take all allegations contained in the pleading as true and to "draw all reasonable inference in [plaintiff's] favor."[29]  Generally, a plaintiff bears the burden of proving that subject-matter jurisdiction exists.[30]

Strahle's Rule 12(b)(1) motion lodges both facial and factual challenges, arguing that this court cannot exercise diversity jurisdiction over this dispute because the amount-in-controversy falls below the statutory threshold and State Farm's claims are not yet ripe.  In response, State Farm argues that (1) Strahle's claimed damages exceed the $75,000 minimum; (2) once it amends its complaint and deposits funds with the court, interpleader jurisdiction exists; and (3) its claims are ripe because Bui has breached her insurance policy, thereby alleviating State Farm of its contractual obligations to defend or indemnify her.

---

[27] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[28] *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1026 n.2 (9th Cir. 2001) ("*St. Clair* held that a plaintiff bears this burden of production *after* a defendant challenges the facts underlying the jurisdictional allegations in a complaint based on evidence outside the pleadings.  Only at that point does the burden shift to the plaintiff to produce extrinsic evidence.").

[29] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

[30] *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## A.       Diversity Jurisdiction

Both sides agree that the parties are sufficiently diverse.[31]  But Strahle argues that State Farm cannot meet § 1332's amount-in-controversy requirement because its insurance policy's maximum payout falls below the $75,000 jurisdictional threshold.[32]  State Farm asserts that "the value of the underlying tort claim[]" "establishes the amount in controversy"—not its policy limits.[33]  Generally, "[t]he amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith."[34]  "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[35]

State Farm's allegations about policy limits preclude it from asserting diversity jurisdiction.  In *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, the Ninth Circuit "permitted a determination of 'legal certainty' when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement."[36]  There, a plaintiff sought tort damages in excess of the jurisdictional threshold, but was unable to assert his

---

[31] *See* ECF Nos. 14 at 9; 22 at 6; 1 at ¶¶ 1–17.

[32] ECF No. 14 at 10.

[33] ECF No. 22 at 7.

[34] *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

[35] *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (internal quotation marks omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

[36] *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) ("Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts shown that the amount of damages was claimed merely to obtain federal[-]court jurisdiction.") (quoting 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985)).

claim in federal court because Nevada law limited his damages to $750, thereby establishing a recovery ceiling below the jurisdictional limit.[37]  Like the *Pachinger* plaintiff, Strahle's recovery in the underlying lawsuit is apparently limited by State Farm's policy limits—setting a maximum recovery of $25,000 per-claimant and $50,000 per-accident.  That ceiling is well below § 1332's threshold, regardless of Strahle's alleged $3,000,000 in medical costs.  State Farm does not claim that Strahle will be able to recover in excess of that policy's limit by, for example, challenging the applicability of the policy or asserting that Strahle may be able to recover attorneys' fees from State Farm.[38]  Nor does State Farm's request for interpleader relief take independent, non-policy-based damages into account; it merely requests that this court apportion damages to each claimant "asserted against the [p]olicy's funds."[39]  Absent further allegations, State Farm's claim fails to meet the minimum amount required by § 1332.

State Farm misreads the Ninth Circuit's decision in *Budget Rent-A-Car, Inc. v. Higashiguchi* when it argues that Strahle's damage claim—not the policy limit—sets the jurisdictional amount in insurance cases.[40]  That court made no such ruling.  Instead, the *Budget Rent-A-Car* court reasoned that "the value of the underlying potential tort action" determines the jurisdictional amount only "[b]ecause the applicability of [the declaratory-judgment plaintiff's]

---

[37] *Id.* at 363.

[38] State Farm implies that it exceeds the jurisdictional threshold because it "has incurred and continues to incur attorney's fees and costs," but it does not quantify those claims and instead cites a paragraph of the complaint exclusively describing Strahle's medical expenses.  *See* ECF No. 22 at 7 (citing ECF No. 1 at ¶ 54 ("In these NRCP 16.1 disclosures, Mr. Strahle claims that his medical specials due to the motor vehicle accident exceed $3 million.")).

[39] ECF No. 1 at ¶ 85.

[40] ECF No. 22 at 7 (citing *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)).

liability coverage to a particular occurrence is at issue."[41]  That is not the case here, where neither side disputes that State Farm's policy applies to Strahle's claims.[42]  And the *Budget Rent-A-Car* court's reasoning is further inapposite to State Farm's case because that court addressed whether the declaratory-judgment plaintiff could aggregate its minimum liability-per-claimant to reach the jurisdictional threshold, explicitly declined to address the potential aggregation of the maximum liability-per-claimant, and did not even consider whether damages in excess of the policy amount could establish the amount-in-controversy.[43]  Regardless, it is axiomatic that "if the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied."[44]  So I grant Strahle's motion to dismiss for lack of subject-matter jurisdiction.  But because State Farm could potentially cure this defect, I grant it leave to amend.[45]

---

[41] *Budget Rent-A-Car*, 109 F.3d at 1473.

[42] *See, e.g.*, ECF No. 14 at 10 ("Further, there is no genuine dispute as to the material fact that the policy limits [sic] is $25,000.00.").

[43] *Budget Rent-A-Car*, 109 F.3d at 1473–74 ("We therefore assume that, at the time of the filing of [declaratory-judgment plaintiff's] complaint, each of the [claimants] would have sought at least $35,000 in damages.").  Indeed, the *Budget Rent-A-Car, Inc.* court could not reach this question because under either the maximum or the minimum limits in its policy, the declaratory-judgment plaintiff met § 1332's jurisdictional threshold.  *Id.*

[44] 14A Fed. Prac. & Proc. Juris. § 3710 (4th ed. 2020); *see also Budget Rent-A-Car*, 109 F.3d at 1473 ("[The] maximum liability under [a policy] is relevant to determining the amount in controversy only if . . . the value of the underlying tort claims exceeds the liability ceiling."); *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 64–65 (5th Cir. 1959) (finding that the policy's limit set the jurisdictional amount, despite claimant's injury potentially "warrant[ing] recovery from [insured] of damages greatly in excess of" § 1332's amount-in-controversy threshold).

[45] *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992) (noting that leave to amend is liberally granted).

## B.      Interpleader Jurisdiction [ECF No. 26]

State Farm also requests an order to deposit funds with this court's registry so that it can assert interpleader jurisdiction in its amended complaint.[46]  Under § 1335, a district court may exercise original jurisdiction over any civil interpleader suit in which the amount in controversy exceeds $500 or more, so long as "two or more adverse claimants, of diverse citizenship" as defined in § 1332 "are claiming or may claim to be entitled to such money or property."[47]  While the "claims of the conflicting claimants" need "not have a common origin" or "be identical," the diverse claimants must still be "adverse to and independent of one another."[48]  "Interpleader is appropriate where the stakeholder reasonably fears that there may be multiple parties with colorable adverse claims to the stake."[49]

Contrary to State Farm's assertion, neither this district nor § 1335 requires the funds to first be deposited with the court before interpleader jurisdiction may be exercised.[50]  Even the non-binding case State Farm cites for this proposition, *Nevada v. Pioneer Co., Inc.*, merely requires a "stake" or "res" to exist "*so as to be deliverable* to the registry of the court."[51]  The future-tense phrasing indicates that the deposit is not a prerequisite to the exercise of jurisdiction;

---

[46] *See* ECF Nos. 26 at 7 ("To acquire jurisdiction [under] 28 U.S.C. § 1335, a "stake" or "res" must exist . . . .  However, the Local Rules of Practice of United States District Court for the District of Nevada require that the party seeking to deposit the funds obtain an order from the Court allowing the deposit.") (internal quotation marks omitted); 86 at 8 (same).

[47] 28 U.S.C. § 1335(a), (a)(1).

[48] *Id.* at § 1335(b).

[49] *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

[50] *See e.g.*, *Soc'y Ins. Co. v. Nystrom*, 718 Fed. Appx. 482, 848 (9th Cir. 2017) (unpublished) (noting that "interpleader action was properly filed" before plaintiff "deposited the funds" with the district court).

[51] *Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Co., Inc.*, 245 F. Supp. 2d 1120, 1125 (D. Nev. 2003) (emphasis added) (internal quotation marks omitted).

instead, a plaintiff must merely allege that the stake exists.[52]  Although State Farm has alleged a sufficient stake, it has failed to allege facts in its proposed amended complaint demonstrating the existence of diverse, adverse claimants to that stake.[53]  While State Farm has listed multiple defendants,[54] it has not indicated that each defendant is an "adverse" claimant, much less that those claimants are "minimal[ly] divers[e]" such that there is "diversity of citizenship between two or more claimants."[55]  So I deny State Farm's request for an order to deposit funds, pending its filing of an amended complaint.

In sum, neither State Farm's complaint nor first amended complaint provides a facial basis for this court to exercise subject-matter jurisdiction, so I grant Strahle's Rule 12(b)(1) motion, dismiss State Farm's complaint without prejudice, and grant State Farm's unopposed[56] motion seeking leave to amend.  Because this court lacks subject-matter jurisdiction over this dispute as pled, I decline to reach Strahle's factual challenge to this suit's ripeness or his arguments regarding State Farm's alleged failure to join necessary parties.[57]  And because an order permitting State Farm to deposit funds with the court's registry account is not a prerequisite to asserting interpleader jurisdiction, I deny without prejudice its request to do so until it establishes facts supporting interpleader jurisdiction.

---

[52] *Id.*

[53] 28 U.S.C. § 1335(b).

[54] *See, e.g.*, ECF No. 87-1 at ¶¶ 2–27.  Most of the defendants listed either reside in or have principal places of business located in Nevada.  *Id.*  And those that do not—like Smith Food and Drug Centers, Inc.—are not, as best I can tell, claimants in this dispute.  *C.f. Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 189 (1924) ("Jurisdiction cannot be defeated by joining formal or unnecessary parties.").

[55] *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

[56] ECF No. 89 at 3 ("Defendant Strahle does not oppose plaintiff's request to file a first amended complaint.").

[57] I decline to treat Strahle's motion as one for summary judgment.

**Conclusion**

IT IS THEREFORE ORDERED that Strahle's motion to dismiss or, alternatively, motion for summary judgment **[ECF No. 14] is GRANTED IN PART**.  State Farm's complaint is dismissed for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that State Farm's motion to deposit funds with the registry of the court **[ECF No. 26] is DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that State Farm's motion for leave to file an amended complaint **[ECF No. 86] is GRANTED**.  State Farm has until December 14, 2020, to amend its complaint.  If it fails to do so, State Farm's claims will be deemed abandoned and this case will be dismissed with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 20, 2020