# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

State Farm Mutual Automobile Insurance Co.,

    Plaintiff

v.

Tuyet Bui et al.,

    Defendants

Case No.: 2:20-cv-00084-JAD-EJY

**Order Granting Defendants' Motion to Dismiss, Denying as Moot Plaintiff's Motion to Deposit Funds, and Closing Case**

[ECF Nos. 108, 115]

    Plaintiff State Farm Mutual Automobile Insurance Co. seeks interpleader relief and a declaratory judgment against defendant-insured Tuyet Bui, her boyfriend Giang Thai, her counsel, and multiple medical providers and pharmacies.[1] It asserts that Bui breached an insurance contract by failing to meaningfully participate in a state-court, car-accident lawsuit over injuries incurred by defendant Richard Strahle, and the company largely seeks to be relieved of its obligation to defend Bui. Last year, I dismissed State Farm's complaint for lack of subject-matter jurisdiction,[2] and I directed State Farm to identify the diverse, adverse claimants to Bui's insurance policy that might warrant the extension of this court's jurisdiction.[3]

    In its amended pleading, State Farm asserts that this court can assert interpleader jurisdiction over this dispute because Strahle's claims to Bui's policy proceeds—which will largely be paid to his medical providers—will exceed the policy's coverage limits.[4] And it seeks

---

[1] ECF No. 102 (amended complaint).
[2] 28 U.S.C. § 1335.
[3] ECF No. 101.
[4] ECF No. 102 at ¶¶ 167–68.

to deposit funds with the court.[5] But because the medical providers do not assert independent, adverse, or conflicting claims to the policy proceeds, I find that State Farm has again failed to meet its burden to demonstrate that this court has subject-matter jurisdiction over its claims.[6] So I grant the defendants' motion to dismiss the complaint[7] and I deny as moot State Farm's motion to deposit funds with the court.

## Discussion[8]

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."[9] District courts have limited, original jurisdictional over statutory "interpleader" claims.[10] Under 28 U.S.C. § 1335(a), interpleader jurisdiction requires that "two or more adverse claimants, of [minimally] diverse citizenship," have "adverse" and "independent" claims to more than $500 in the "custody or possession" of a plaintiff.[11]

---

[5] ECF No. 115 (motion to deposit funds).

[6] Because I find that this court lacks subject-matter jurisdiction over this case, I need not and do not consider the defendants' remaining arguments.

[7] ECF No. 108.

[8] The parties are familiar with the material facts of this case, so I do not repeat them here. *See* ECF No. 101 at 2–4.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[10] *Id.* § 1335(a).

[11] *Id.*; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (construing the statute as requiring "only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens"); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988); *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978); 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.02[1] (3d ed. 2002) ("Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake.").

Interpleader is most commonly used to resolve cases involving two or more potential claimants to life-insurance, car-insurance, or estate proceeds, each whom asserts that he is the sole or primary beneficiary under the policy or will.[12]

State Farm facially satisfies statutory interpleader's diversity and amount-in-controversy requirements,[13] but the parties dispute whether the insurer adequately alleges the existence of "conflicting" claimants to Bui's insurance proceeds who are sufficiently "adverse" to and "independent" of one another.[14] "The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'"[15] In *State Farm Fire & Casualty Co. v. Tashire*, the Supreme Court addressed whether an insurance company could invoke interpleader jurisdiction when multiple parties, each of whom was injured by the same driver, claimed coverage in excess of that driver's policy limits.[16] Despite the claimants not being in a contractual relationship with the insurer, the *Tashire* Court found that the claimants were sufficiently adverse because "the first claimant to obtain" judgment "might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims."[17] The D.C. Circuit reasoned similarly in *New York Life Insurance Co. v. Welch*, affirming the assertion of interpleader jurisdiction by a life-insurance company that sought

---

[12] *See, e.g.*, *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999); *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982); *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 895 (9th Cir. 2012); *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953); *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 92 (2d Cir. 1983).

[13] At least two of State Farm's identified "claimants" facially hail from different states, and the potential exposure under Bui's policy exceeds $500.00. *See* ECF No. 102 at ¶¶ 4, 35.

[14] ECF No. 126 at 12.

[15] *Mack v. Kuchenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Ensley*, 174 F.3d at 980).

[16] *Tashire*, 386 U.S. at 533.

[17] *Id.*

3

declaratory relief to determine whether and in what order to pay creditors to a policy before paying any of the policy's named beneficiaries, when those claimants' aggregate claims exceeded the policy's limits.[18] But in *Libby, McNeill, and Libby v. City National Bank*, the Ninth Circuit determined that interpleader jurisdiction was inappropriate where "only one party made a claim against the fund," and the other involved parties made "independent, contractual" claims against that party and not against the stakeholder.[19] The *Libby* court affirmed that "interpleader is designed to protect the stakeholder" from multiple liability "only when based upon the particular fund proffered by the interpleader plaintiff."[20]

I find that State Farm has failed to allege sufficient facts demonstrating the existence of independent and adverse claimants with conflicting claims to Bui's insurance-policy proceeds. Though the parties decline to identify controlling precedent on this issue, this case appears to hew more closely to the *Libby* opinion than either the *Tashire* or *Welch* decisions. Like the *Libby* claimants, only Strahle has made a claim on Bui's policy proceeds; the remaining defendants are not "claimants" to the policy but are, instead, medical providers, attorneys, and pharmacies with whom Strahle independently contracted to treat the injuries and pursue the legal claims allegedly caused by the car accident. Thus, any of their potential claims rise and fall with the success of Strahle's claims against the policy, and they could not be considered "independent" and "conflicting" within the meaning of the statute.

Additionally, and unlike the claimants in *Tashire* or *Welch*, the medical providers have no stated basis to make a direct claim against Bui's insurance policy. They were not injured in

---

[18] *N.Y. Life Ins. Co. v. Welch*, 297 F.2d 787, 790 (D.C. Cir. 1961).
[19] *Libby*, 592 F.2d at 508.
[20] *Id.* at 509.

4

the accident. And there are no allegations, much less evidence, indicating that these providers could or would make a claim directly on the insurer, or that Strahle has assigned his interest in the policy proceeds to these claimants. Finally, it is entirely unclear why interpleader jurisdiction is even warranted in this suit, given that State Farm does not present competing claims to the policy's proceeds, but instead primarily seeks a declaration relieving it of its duty to defend an intractable and unresponsive insured.

State Farm proffers no substantiated allegations that would compel a different result. The burden of establishing the federal court's subject-matter jurisdiction falls squarely on the party seeking to invoke such jurisdiction.[21] The insurance company rests its jurisdictional claims on a formulaic recitation of statutory interpleader's elements, asserting that "[e]ach [d]efendant seeks a claim to the benefits and funds afforded under the policy"; "two or more claimants have adverse interests regarding whom and how much is received of the insurance policy benefits"; and the "cumulative claims from all [the d]efendants" will "exceed the amounts afforded under the [p]olicy, thus making [the d]efendant's claims adverse to one another."[22] Not only do these unsubstantiated facts run afoul of the *Libby* decision, but it just doesn't make sense that they could support the assertion of interpleader jurisdiction. Were interpleader appropriate whenever a single claimant to an insurance policy required medical treatment from multiple diverse providers in excess of a policy's limit, federal jurisdiction would be triggered in almost every insurance dispute. That cannot be what Congress intended when it passed 28 U.S.C. § 1335.[23]

---

[21] *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Stock West, Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

[22] ECF No. 102 at ¶¶ 32, 37–38, 167.

[23] *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction.") (citing *Turner v. Bank of N.A.*, 5 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799)).

5

Many district courts have refused to extend interpleader jurisdiction in similar circumstances, dismissing as improper a plaintiff's attempts to assert "non-existent hypothetical claims (which may not be adverse even if they eventually do exist)" to "manufacture jurisdiction for the sake of doing equity."[24] I find their reasoning persuasive and join them. And because I already gave State Farm an opportunity to remedy this pleading deficiency,[25] I grant the defendants' motion and dismiss State Farm's amended complaint without leave to amend for want of subject-matter jurisdiction,[26] and I deny as moot its motion for leave to deposit proceeds with the registry of the court.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss or, alternatively, motion for summary judgment **[ECF No. 108] is GRANTED.** State Farm's complaint is dismissed for lack of subject-matter jurisdiction. The **Clerk of Court** is directed to **CLOSE THIS CASE.**

IT IS FURTHER ORDERED that State Farm's motion to deposit funds with the registry of the court **[ECF No. 115] is DENIED AS MOOT.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 12, 2021

---

[24] *Am. Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1251 (E.D. Wisc. 1993); *Phil. Indemn. Ins. Co. v. Ace Am. Ins. Co.*, No. 16-cv-04428, 2016 WL 10998861, at *6 (N.D. Cal. Dec. 27, 2016) (declining to permit the invocation of interpleader jurisdiction when plaintiff merely tasked the court with "figuring out priority and apportionment of coverage," which is "not appropriate for interpleader").

[25] ECF No. 101 at 10 ("[State Farm] has failed to alleged facts in its proposed amended complaint demonstrating the existence of diverse, adverse claimants to that stake.").

[26] *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . the leave sought should . . . be 'freely given.'").